CHARLES CARROLL, Chief Judge.
The appellees Stanley Azif and Laura Azif, his wife, filed an action at law against Murray M. Sheldon, Inc. and Dade Underwriters Insurance Agency, Inc. for breach of contract to supply certain insurance for which the plaintiffs had applied. On trial of the cause a verdict was rendered against the defendant Murray M. Sheldon, Inc. and a separate verdict was rendered against the plaintiffs and in favor of the defendant Dade Underwriters Insurance Agency, Inc. A timely motion for new trial was filed on behalf of the defendant Sheldon. Judgment was not entered on the verdict in favor of Dade Underwriters.
Following certain hearings, and an authorized amendment to the motion for new trial filed by Sheldon, the trial court granted Sheldon’s motion for a new trial, and also set aside the verdict in favor of Dade Underwriters and granted new trial as to that defendant. Dade Underwriters appealed.
The ground for granting new trial was stated in the order to be for newly discovered evidence, on the showing thereof as made to the court by Sheldon. The propriety of the granting a new trial as to Sheldon on the ground relied on by the court is not questioned here. Rather, the appellant argues that the trial court was without basis in law to set aside the verdict and grant a new trial as to Dade Underwriters in the absence of a motion or application for such relief. The action of the trial court which is complained of was proper and permissible under rule 2.8 (d) Florida Rules of Civil Procedure, 31 F.S.A. which provides as follows:
“Not later than 10 days after entry of judgment, or within the time of ruling on a timely motion for a rehearing of non-jury matters or a timely motion for a new trial made by a party in actions tried by a jury, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.”
The new trial as to Sheldon was granted on its motion. The new trial as to Dade Underwriters was granted by the court of its own initiative, within the time of ruling on the timely motion for new trial filed by Sheldon, and, therefore, met the requirement of the rule.
Affirmed.